No. 969

RIEF v. STATE

Warren Common Pleas

Decided October, 1925

741. MAGISTRATES COURT—Must apply rules of evidence which govern, as in a court of record.

661. INTOXICATING LIQUORS—Prima facie case not made out by evidence of breaking of glass in room where defendant was found together with fluid on floor, claimed by arresting officer to be whiskey.

WRIGHT, J.

William Rief was convicted and fined, in the court of the Mayor of Lebanon, on an affidavit charging him with the unlawful possession of intoxicating liquor. The evidence was that several officers approached a slaughter house and heard the breaking of some glass therein. Upon entrance, they found Rief and several other men in the building; also some

fluid was found on the floor which the officers said smelled like and was whiskey. The case was taken to the Common Pleas Court upon a petition in error and it was held:

1. The evidence does not disclose that the entrance to the slaughter house was made pursuant to a search warrant.

2. The officers were permitted to testify as to the odor without any qualification, as far as the record shows, as to their ability to determine whiskey by odor. They may be experts on this question, but the record shows no evidence of same.

3. The trial court permitting hearsay evidence and the attempt to compel Rief to testify against himself, call for at least a mild protest, since the same rules of evidence govern in a liquor magistrate's court as apply in a court of record.

4. The State in this case maintains that the evidence of the breaking glass and the finding of a fluid upon the floor make a prima facie case of the possession of intoxicating liquor under 6175 GC.

5. There is no question but if the breaking were shown to have been committed by Rief that there would be some evidence against him. It would not amount to a prima facie case however, by reason of the fact that 6175 GC. does not apply to 6212-15 GC.. it having been enacted as Section 14 of an act to provide for the enforcement of local option laws. The evidence of the state does not bring the breaking of the bottle to Rief.

6. The magistrate erred in overruling Rief's motion to dismiss the charge against him, and judgment is therefore reversed and Rief discharged.

Judgment reversed.